MAR 16 2026 PM1:52
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Case No.

**8:26-CV-684-TPB-SPF**

**NIGEL LUCOMBE,**

Plaintiff,

v.

**NETWORTH REALTY, USA, LLC**

Defendants.

_____/

Plaintiff, NIGEL LUCOMBE (**"Plaintiff"**), files this Complaint under the Telephone Consumer

Protection Act ("TCPA") 47 U.S.C. § 227, and its regulations, against NETWORTH REALTY,

USA, LLC **& ("Defendant")** , and alleges based on personal knowledge and information and

belief, placed illegal unauthorized telemarketing texts and calls to him in violation of the

(TCPA).

## NATURE OF THE ACTION

1.      This is a putative action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §

227, et seq. (the "TCPA"). To promote its goods and services, Defendants engages in telephonic

sales texts and calls to consumers without having secured prior express written consent as

required under the TCPA with no regards for consumers' rights. To promote its goods and

services, Defendants engages in telemarketing texts to consumers that have registered their

telephone numbers on the National Do Not Call Registry.



2.    To promote its services, Defendants engages in unsolicited text messaging and calls to consumers registered on the National Do-Not-Call Registry. NETWORTH REALTY, USA, LLC is a company that transmits telephone calls and texts messages to telephone subscribers who specifically express their unwillingness to receive unsolicited calls & text messages through the national Do Not Call Registry maintained by the Federal Communications Commission (FCC).

3.    Defendant's text message solicitations caused Plaintiff harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

4. Through this action, Plaintiff seek statutory damages, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendants.

## PARTIES

5.    Plaintiff Lucombe is, and at all times relevant hereto a citizen and resident of Pasco County, Florida.

6.    Plaintiff Said is, and at all times relevant hereto was, a citizen and resident of Pasco County, Florida.

7.    Plaintiff are, and at all times relevant hereto were, individuals and "called part[ies]" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff were the regular users of cellular telephone numbers (813)-XXX-7705  that received defendant's telephonic sales calls.

8.    Defendants is, and at all times relevant hereto was, a domestic corporation with a principal place of business in Tampa, FL, and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f).

## JURISDICTION AND VENUE

9.     This Court has federal question subject matter jurisdiction over Plaintiff' TCPA claims pursuant to 28 U.S.C. § 1331.

10.     This Court has supplemental jurisdiction over Plaintiff' TCPA & FTSA claims pursuant to 28 U.S.C. § 1367.

11.     The Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants directs, markets, and provides its business activities to this District, and because defendant's unauthorized marketing scheme was directed by Defendants to consumers in this District.

12.     NETWORTH REALTY, USA, LLC is, and at all times relevant hereto, a  for-profit organization organized under the laws FL and "person" as defined by 47 U.S.C. §153(39). with an address of 1200 SOUTH PINE ISLAND ROAD PLANTATION, FL 33324

## FACTUAL ALLEGATIONS

13.     Plaintiff's cellular phone number has been registered on the National Do Not Call Registry since November 12, 2019.Between March, 20, 2025 thru present; Defendants harassed Plaintiff Lucombe with texts messages reflected by the following screenshots:



14. Upon information and belief, NETWORTH REALTY, USA, LLC has no system in place to document and archive whether it have prior consent to contact consumers on their cellular phones.

15. Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do- Not Call provision in 47 C.F.R. § 64.1200(c).

16. Upon information and belief, NETWORTH REALTY, USA, LLC knew its texting practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

17. NETWORTH REALTY, USA, LLC through its agents, representatives, vendors, subsidiaries, third party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47U.S.C. §227(b)(1)(A)(iii).

18.     Between March 20, 2025 thru present, Defendants harassed Plaintiff with several text messages and phone calls promoting house buying services.

19.     Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of their cell phone by forcing Plaintiff to ignore or reject defendant's disruptive calls, voice messages, dismiss alerts, and/or silence their cell phones as a result of defendant's incessant unsolicited telephone calls.

20.     The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendants placed the calls to Plaintiff without their consent, Defendants failed to address or respect the limitations imposed by the TCPA. In doing so, Defendants invaded Plaintiff' privacy and violated the spirit and intent behind the TCPA.

21.     As demonstrated by the above screenshots, the purpose of defendant's text messages was to solicit the sale of consumer services and to draw attention to defendant's services and goods.

22.     Moreover, the text messages have a commercial nexus to defendant's business activities and services it offers.

23.     Defendants generate profits when recipients of its text messages make an appointment and visit defendant's website for their services. In other words, Defendants profits when the recipients of its unsolicited text messages, like Plaintiff are persuaded to visit Defendant's website and pay Defendants for their services.

24.     Plaintiff are the regular users of the telephone numbers that received the above text message solicitations.

25.     Plaintiff utilize their cellular telephone numbers for personal purposes and the numbers are Plaintiff' residential telephone lines. In other words, Plaintiff' cellular telephones are

Plaintiff' home telephone numbers and Plaintiff make and receive personal home calls on their cellular telephones. Moreover, Plaintiff' cellular telephones are the primary means of reaching Plaintiff at their residence.

26. Plaintiff was in Florida when they received the above text messages, and Defendant's violative conduct occurred in substantial part in Florida.

27. Upon information and belief, Defendants maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff.

28. Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff.

## DAMAGES

29. NETWORTH REALTY, USA, LLC's unfair and harassing conduct has severely disrupted Plaintiff's daily life and general well-being.

30. Plaintiff has expended time consulting with his attorneys as a result of NETWORTH REALTY, USA, LLC'sunconscionable conduct.

31. NETWORTH REALTY, USA, LLC's phone harassment campaign and illegal activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and Occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, and aggravation that accompanies unsolicited text, emotional distress, anxiety, loss of concentration,

diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT I

### Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)

32.    Plaintiff re-allege and incorporate the allegation set forth in paragraphs 1 through 34 as if fully set forth herein.

33.    In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not- call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call

for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity. 47 C.F.R. § 64.1200(d)(3) (emphasis supplied). 47. Pursuant to 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. §64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

34.     Upon information and belief, Defendants has placed additional violative text messages to Plaintiff telephone number not listed in this complaint.

35.     The text messages were not related to Plaintiff's health as reflected by the fact that Plaintiff repeatedly asked for the messages to stop. See Farhat v. Unique Healthcare Sys., No. 8:21- cv-1319-SDM-JSS, 2022 U.S. Dist. LEXIS 4800, at *2 (M.D. Fla. Jan. 11, 2022) (refusing to apply emergency exception because permitting a Defendants to "ceaselessly text a cellular telephone subscriber who has instructed the Defendants to stop would insulate from liability a Defendants who engages in the exact conduct — the transmission of unwanted text messages and calls — that the TCPA endeavors to eliminate.").

36.     Plaintiff has not transacted any business with Defendants within the past eighteen (18) months before receiving the above text messages. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above text messages.

37.     Defendants continued to text message Plaintiff to harass him into visiting one Defendant's  offices so that Defendants could sell its services to Plaintiff.

38.    Plaintiff is a residential telephone subscribers who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendants.

39. Accordingly, Defendants violated the requirements of section 64.1200(d).

40.    Pursuant to section 227(c)(5) of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each text message sent by Defendants.

41.    Plaintiff request for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## COUNT II

### Violations of 47 U.S.C. § 227(c) and 64.1200(c)

42.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

43.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44.    Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone

numbers."

45.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. §227(c).

46.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff who registered his telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47.     Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one text message in a 12-month period from Defendants in violation of 47 C.F.R. § 64.1200.

48.     As a result of Defendant's conduct as alleged herein, Plaintiff and the suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.      An award of actual damages pursuant to 47 U.S.C. § 227(b)(3)(B) and Fla. Stat. § 559.77;

b.      An award of statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each willful or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(C);

c.      Additional statutory damages of $500 per violative telephone call as provided under 47 U.S.C. 227 ( C);

d.      Treble damages of $1,500 per violative telephone call as provided under 227(c):

e.      An award of actual damages pursuant to Stat. § 509.059

f.      An award of statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each willful or knowing violation pursuant to Fla. Stat. § 509.059.

g.      An award of statutory damages of $1500 for  telephone call in statutory damages arising from the TCPA 227 (c ) intentional violations jointly and severally against Defendants text messages and telephone calls.

h.      An award of reasonable attorney's fees and costs; and any other relief this Court deems just and proper.


## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendants and the calls as alleged herein.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: March 13, 2026

Respectfully submitted,

Nigel Lucombe, Pro Se
P.O. Box 2589
Lutz, FL 33548
Nlucombe@Gmail.com
Tel: 813-900-7705